12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel CHAIDEZ-CASTELO, Defendant-Appellant.
 No. 92-10068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided Dec. 15, 1993.
 
 Before: WALLACE, Chief Judge, GARTH** and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Chaidez-Castelo appeals from the judgment of conviction for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). The district court had jurisdiction over this case pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 Chaidez-Castelo challenges the admissibility of evidence obtained from a wiretap. The district court denied Chaidez-Castelo's motion to suppress. We review rulings on motions to suppress de novo. United States v. Kahn, 993 F.2d 1368, 1375 (9th Cir.1993).
 
 
 3
 To have standing to challenge the admissibility of wiretap evidence, Chaidez-Castelo must prove that he was a party to one of the intercepted conversations or that he had a privacy interest in the telephone that were tapped. United States v. Calhoun, 542 F.2d 1094, 1098 (9th Cir.1976), cert. denied, 429 U.S. 1064 (1977). Chaidez-Castelo was not a party to any intercepted conversation and he did not have a privacy interest in the telephone that was tapped. Therefore, he does not have standing to challenge the legality of the wiretap or the admission of any derivative evidence pursuant to either 18 U.S.C. Sec. 2518(10)(a), United States v. Jabara, 618 F.2d 1319, 1326 (9th Cir.), cert. denied, 446 U.S. 987, and cert. denied, 449 U.S. 856 (1980), and overruled on other grounds by United States v. Escobar De Bright, 710 F.2d 1404 (9th Cir.1983), or the Fourth Amendment, Alderman v. United States, 394 U.S. 165, 175-76 (1969).
 
 
 4
 Chaidez-Castelo also challenges the admission of evidence obtained from an allegedly unlawful stop of the vehicle he was driving. The district court denied his motion to suppress. Chaidez-Castelo contends that the "founded suspicion," see United States v. Sutton, 794 F.2d 1415, 1426 (9th Cir.1986), that justified the investigatory stop was derivative of the wiretap. Ironically, he cites Wong Sun v. United States, 371 U.S. 471 (1963), in support of this argument. But as Wong Sun also teaches, Chaidez-Castelo has no standing to challenge the admissibility of the wiretap evidence. Id. at 492. Therefore, this argument must fail as well.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation